IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RICHARD L. NOLES,

      Plaintiff,

vs.                                                    Case No. 4:12cv79-RS/CAS

WAKULLA COUNTY BOARD OF
COUNTY COMMISSIONERS,
and BENJAMIN H. PINGREE,

      Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a civil rights complaint on February 15, 2012,

doc. 1, and service was directed, doc. 3.  The Defendants have filed a motion to

dismiss, doc. 5, and Plaintiff responded by filing a Motion Objecting to Defendant's

Motion to Dismiss.  Doc. 7.  Plaintiff's response is construed solely as his opposition to

the motion to dismiss.

**Allegations of the Complaint, doc. 1**

Plaintiff filed this civil rights case against the Wakulla County Board of County

Commissioners, and Benjamin H. Pingree, the former County Administrator, alleging

that Plaintiff's rights under the Florida Constitution, the United States Constitution, and Florida law were violated during Plaintiff's employment with the County (February 3, 2007, through October 20, 2009).[1]  *Id.*  Plaintiff alleges claims for retaliation under the First Amendment and, in general, the denial of due process in violation of the Fourteenth Amendment and the denial of equal protection.[2]  *Id.*, at 3-4, 5-6.

## Motion to Dismiss, doc. 5

Defendants contend that Plaintiff's complaint must be dismissed for failure to state a claim because Plaintiff had "no constitutionally-protected property interest in continued employment" and, even if he did, Plaintiff was provided sufficient post-termination process.  *Id.*, at 2, 5.  Defendants also contend the complaint must be dismissed because Plaintiff fails to allege facts to support claims for retaliation, and Plaintiff has no statutorily created right to counsel.  *Id.*, at 2, 7-8.

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[1] Plaintiff alleged in the complaint that he was "employed from February 3, 2007 until terminated on October 20, 2009," doc. 1, at 3, but in his response to the motion to dismiss, Plaintiff states he "was employed in 2003."  Doc. 7, at 1.  No matter which date is correct, it has no impact on the constitutional analysis.

[2] This case is similar, and related to, case 4:11cv652, which was filed by Plaintiff's former supervisor, Luther Council.

as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127

S.Ct. 1955.[3]  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also*

Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility

standard" is not the same as a "probability requirement," and "asks for more than a

sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949,

*quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent

with' a defendant's liability," falls "short of the line between possibility and plausibility."

Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

      The pleading standard is not heightened, but flexible, in line with Rule 8's

command to simply give fair notice to the defendant of the plaintiff's claim and the

grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992,

998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions.").  Pro se complaints are held to less stringent

standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967

(11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30

L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the

claim and the grounds upon which it rests so that a "largely groundless claim" does not

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to
dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert.
denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting*
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

proceed through discovery and "take up the time of a number of other people . . . ."

Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577

(2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed

factual allegations to survive a motion to dismiss, but it must provide the grounds for a

plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic

recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides
> sufficient notice, a defendant can move for a more definite statement
> under Rule 12(e) before responding.  Moreover, claims lacking merit may
> be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

**Analysis**

Plaintiff's due process claim is dispositive in this case because it is the

jurisdictional foothold.  In stating a claim for relief under § 1983, it must be alleged (1)

that plaintiff was deprived of a right secured by the Constitution or laws of the United

States, (2) the person who deprived him of that right acted under color of state law, and

(3) there was a causal connection between the constitutional violation and the

defendant's act or omission.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40,

49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); Troupe v. Sarasota Cnty., Fla., 419 F.3d

1160, 1165 (11th Cir. 2005); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir.

2001) (en banc).  The constitutional right at issue in this case is Plaintiff's asserted due

process of law claim as secured by the Fourteenth Amendment.  "The first inquiry in

every due process challenge is whether the plaintiff has been deprived of a protected

interest in 'property' or 'liberty.' "  American Mfrs. Mut. Ins. Co., 526 U.S. at 59, 119

S.Ct. at 989, *citing* Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (other citations omitted).  "Only after finding the deprivation of a protected interest do we look to see if the State's procedures comport with due process."  526 U.S. at 59, 119 S.Ct. at 989.

Due process exists to protect a liberty or property interest.  Plaintiff is only entitled to procedural due process if he has a protected interest in his continued employment by Wakulla County, Florida.  The Court must look to state law to determine whether such public employment constitutes a property interest.  Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (noting that "[p]roperty interests . . . are not created by the Constitution" but may stem from state law and finding that Roth, a state University professor, had no protected liberty or property interest); Bradsheer v. Florida Dep't of Highway Safety & Motor Vehicles, 20 So.3d 915, 918 (Fla. 1st DCA 2009) (stating that state law establishes the property interest).

> "The established rule in Florida relating to employment termination is that [w]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract."  Smith v. Piezo Tech. & Prof'l Admn'rs., 427 So.2d 182, 184 (Fla. 1983) (internal quotation marks and citations omitted).  Stated slightly differently, "[t]he general rule in Florida is that a contract for employment for an indefinite term is terminable at the will of either the employee or employer, and an action for wrongful discharge will not lie."  Lurton v. Muldon Motor Co., 523 So.2d 706, 708 (Fla. 1st DCA 1988).

Laney v. Hospital Bd. of Directors of Lee Cnty.,  2010 WL 5161367, at *3 (M.D. Fla. 2010).  Because an "at-will" employee has no property right in continued employment, Blanton v. Griel Memorial Psychiatric Hosp., 758 F.2d 1540, 1543 (11th Cir. 1985), Plaintiff must demonstrate the basis for claiming a property interest in his continued employment with Wakulla County.

"A public employee has a property interest in employment if existing rules or understandings that stem from an independent source such as state law create a legitimate claim of entitlement. . . .  Generally, a public employee has a property interest in continued employment if state law or local ordinance in any way limits the power of the appointing body to dismiss an employee."  Ross v. Clayton County, Ga., 173 F.3d 1305, 1307 (11th Cir. 1999) (internal quotation and citations omitted).

The complaint alleges that Plaintiff was employed by Wakulla County from February 3, 2007, until October 20, 2009, when Plaintiff was terminated by the Assistant County Administrator, Lindsay Stevens.  Doc. 1, at 3.  Plaintiff had a "post-termination hearing called an 'appeal hearing'" on November 18, 2009.  Id., at 4.  Plaintiff contends that the Board did not terminate his employment in accordance with the Wakulla County Personnel and Policy Manual.  Id., at 5, 7.  The complaint does not allege the existence of a continuing employment contract, nor has Plaintiff pointed to any other source of a protected interest.

In response to the motion to dismiss, Plaintiff argues that "there is reason to believe there is a constitutionally protected property interest in continued employment with or without a contract."  Doc. 7, at 1.  That is only true to the degree Plaintiff can pinpoint the basis for the protected interest as belief is insufficient.  Plaintiff contends that the Wakulla County Personnel and Policy Manual (hereinafter "Manual") should be considered to be a Florida law and that failure to follow the Manual's procedures is a due process violation.  Id., at 2.  However, that argument is insufficient because it still fails to point to any language in the Manual which demonstrates that Plaintiff has a protected interest in his continued employment with the County.  The fact that the

County approved the Manual for use is irrelevant to the question of whether it created a protected interest in continued employment.

Plaintiff makes much of the fact that his request for a specific person to be on the hearing committee was denied, the denial of an attorney to represent him, the fact that the County Administrator did not dismiss him, and of other allegedly deficient procedures in the termination and appeal process.  Doc. 7.  However, unless Plaintiff points to the source of his protected interest, the process questions are never reached because the process exists only to protect the interest.

Under the facts alleged, Plaintiff must be deemed to be an "at-will" employee. Lurton v. Muldon Motor Co., 523 So.2d 706, 708 (Fla. 1st DCA 1988) (stating "[t]he general rule in Florida is that a contract for employment for an indefinite term is terminable at the will of either the employee or employer, and an action for wrongful discharge will not lie."), *citing* DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), *aff'd* 384 So.2d 1253 (Fla. 1980).  Plaintiff has not shown the existence in a protected interest in his employment and, thus, there was no right to procedural due process.[4]  In Bradsheer, *supra*, the court noted that "[t]he mere receipt of a privilege or benefit from the government does not create entitlement; therefore, privileges traditionally do not rise to the level of a property interest cognizable under section 1983."  20 So.3d at 918.  Plaintiff enjoyed a privilege in his employment, but it

---

[4] Notwithstanding, Plaintiff's post-termination procedures provided Plaintiff with due process.  Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546-47, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (noting that the essential requirements of due process are "notice and an opportunity to respond" and a 9-month delay in a post-termination hearing satisfied due process).  Plaintiff has not alleged facts showing that he was not given notice, an explanation from his employer, or an "opportunity to present his side of the story."  *Id.*, at 546.

does not evolve into a protected interest simply because it was with the government. Plaintiff's § 1983 due process claim must be dismissed for failure to state a claim.

Plaintiff provided no set of facts within the complaint which allege a viable equal protection claim either.  Plaintiff makes the conclusory assertions that his "rights to be treated fairly and equally by his former employer have been violated."  Doc. 1, at 7. However, Plaintiff does not allege any facts which show that he was treated any differently than similarly situated employees, nor does Plaintiff draw a distinction between male or female employees, or any other protected status.  The complaint does not assert an equal protection claim, and the motion to dismiss should be granted as to this claim as well.

Plaintiff also alleged a claim for retaliation in violation of the First Amendment, but the complaint fails to provide a basis for that claim.  To state a prima facie case of retaliation, a plaintiff must show that: (1) he spoke "as a citizen" on speech that can fairly be categorized as a matter of public concern; and (2) his First Amendment interests as a citizen outweigh the interests of the State as an employer in promoting efficient public services.  Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); D'Angelo v. Sch. Bd. of Polk County, Fla., 497 F.3d 1203, 1209 (11th Cir. 2007); Cook v. Gwinnett Cnty. Sch. Dist., 414 F.3d 1313, 1318 (11th Cir. 2005).  Plaintiff's complaint does not describe any facts which show that Plaintiff engaged in protected speech on a matter of public concern, or otherwise assert any of the elements of a claim for First Amendment retaliation.  The motion to dismiss must be dismissed as to this claim as well.

The remainder of Plaintiff's claims are based on state law.  As there has been no violation of Plaintiff's federal constitutional rights, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claims.  Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3).[5]  Estate of Amergi ex rel. Amergi v. Palestinian Authority  611 F.3d 1350, 1366 (11th Cir. 2010); Lucero v. Trosch, 121 F.3d 591 (11th Cir. 1997); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559 (11th Cir. 1994).  Any surviving state law claims should be decided in state court where state law will be the guide.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 5, be **GRANTED** and the federal claims presented in Plaintiff's complaint, doc. 1, be **DISMISSED** for  failure to state a claim upon which relief may be granted, and that the Court decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The relevant portion of this statute provides "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.