IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RICHARD L. NOLES,

 Plaintiff,

vs.          Case No. 4:12cv79-RS/CAS

WAKULLA COUNTY BOARD OF
COUNTY COMMISSIONERS,
and BENJAMIN H. PINGREE,

 Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION

  The pro se Plaintiff filed a civil rights complaint on February 15, 2012, doc. 1, and Defendants filed a motion to dismiss, doc. 5.  On May 31, 2012, a report and recommendation was entered recommending that the motion to dismiss be granted and Plaintiff's complaint be dismissed.  Doc. 8.  On June 20, 2012, Plaintiff filed a motion for reconsideration and an amended complaint.  Docs. 9, 10.

  Plaintiff's motion for reconsideration provides no basis for overturning or vacating the report and recommendation.  Plaintiff does not contend that the recommendation was incorrect in any way, nor does Plaintiff make any argument that the recommendation was erroneous.  Plaintiff states only that he is pro se and that he

desires to amend his complaint. As a motion for reconsideration, doc. 9, Plaintiff has provided no basis for overturning or vacating the report and recommendation.

Not only has Plaintiff not presented any argument that the report and recommendation is incorrect, Plaintiff has not filed a motion to amend; Plaintiff simply submitted an amended complaint with a motion for reconsideration. Plaintiff *could* have requested leave to amend his complaint after review of the Defendants' motion to dismiss, doc. 5, and prior to entry of the report and recommendation, doc. 8, but he did not do so. Plaintiff awaited entry of the report and recommendation before seeking to amend the complaint. Essentially, Plaintiff waited on the result of the motion to dismiss before expressing a desire to amend. Because the report and recommendation found that the motion to dismiss should be granted, and because Plaintiff provides no basis for finding that recommendation was incorrect, Plaintiff's request to amend his complaint (as included within the motion for reconsideration) comes too late in the day.

Plaintiff's only meaningful argument in the motion, doc. 9, is the fact that Plaintiff is pro se. That Plaintiff was proceeding pro se in this case was already acknowledged and considered. The original complaint was liberally construed as is required for a pro se litigant. *See* doc. 8, at 3. Pro se status does not, in and of itself, require vacating a report and recommendation and allowing leave to amend.

It is recognized that Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Futility of amendment, however, is sufficient cause under Rule 15 to deny permission to amend.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).  When an amended complaint still fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend.  Smith v. Secretary For Dept. of Corrections, 2007 WL 3089531, at *2 (11th Cir. Oct. 24, 2007).

Here, Plaintiff indicates in the proposed amended complaint, doc. 10, that he seeks to add a claim for wrongful termination under Florida's Whistle-blower Act, § 112.3187.  *Id.* at 6.  However, under that statute, any local public employee

> may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under § 120.65 to conduct hearings under this section. The administrative procedure created by ordinance must provide for the complaint to be heard by a panel of impartial persons appointed by the appropriate local governmental authority. Upon hearing the complaint, the panel must make findings of fact and conclusions of law for a final decision by the local governmental authority. Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction.

FLA. STAT. § 112.3187(8)(b); <u>Bridges v. City of Boynton Beach</u>, 927 So.2d 1061, 1064 (Fla. 4th DCA 2006) (affirming dismissal of claim brought under Florida's Whistle-blower's Act on statute of limitations grounds because Bridges failed to file his action within 180 days of his termination).  Plaintiff's whistle-blower claim would be futile because it is time-barred.  Plaintiff's employment was terminated in October of 2009. Plaintiff did not initiate a civil action in court until filing this case in February of 2012. Because the statute of limitations of § 112.3187 bars Plaintiff's whistle-blower claim, amendment is futile.  Moreover, even if the claim were not time barred, Plaintiff did not exhaust administrative remedies prior to filing this lawsuit because there are no allegations demonstrating that Plaintiff filed a charge of discrimination prior to initiating this case.[1]

     Additionally, Plaintiff continues to press his § 1983 claim asserting a Fourteenth Amendment due process claim.  *Id.* at 16-19.  As determined in the first report and recommendation, Plaintiff did not have a protected right to continued employment.  The due process claim must fail.

     Plaintiff seeks to bring a First Amendment retaliation claim under § 1983 as well.  *Id.* at 12.  It is "well-established that the state may not demote or discharge a public employee in retaliation for speech protected under the [F]irst [A]mendment." <u>Bryson v. City of Waycross</u>, 888 F.2d 1562, 1565 (11th Cir. 1989), *quoted in* <u>Abdur-Rahman v. Walker</u>, 567 F.3d 1278, 1281 (11th Cir. 2009).  However, to state a

---

[1] Plaintiff had a hearing before DOAH, but it was not based on Plaintiff's charge of discrimination.  Instead, it was in defense of a complaint made against Plaintiff with the Florida Department of Business and Professional Regulation.  Doc. 10, at 9.

claim, a plaintiff must demonstrate that he "'spoke as a citizen on a matter of public concern." Bryson, 888 F.2d at 1565 (other citations omitted).

Plaintiff's claim is foreclosed by Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S.Ct. 1951, 1960, 164 L.Ed.2d 689 (2006). There, the Court considered that speech which is made pursuant to an employee's job duties is "speech that owes its existence to a public employee's professional responsibilities . . . ." *Id.* at 421, 126 S.Ct. at 1960. The Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 421, 126 S.Ct. at 1960. Plaintiff's speech arose out of the course of his employment as a Building Inspector for Wakulla County. His speech concerned money in the Building Inspections Trust Fund and permit user fees. *Id.* at 4-6. That speech directly stemmed from Plaintiff's employment and is foreclosed by Garcetti v. Ceballos.

There is no need to vacate the report and recommendation and delay resolution of this case for claims that would be futile. Plaintiff does not demonstrate that the prior report and recommendation was incorrect, and the proposed amended complaint does not present viable claims upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for reconsideration, doc. 9, which incorporates a motion for leave to amend, be **DENIED**, and the prior report and recommendation, doc. 8, be adopted.

**IN CHAMBERS** at Tallahassee, Florida, on July 3, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**